UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

BETTY M. CLARK                          CIVIL ACTION NO. 05-2158

versus                                  JUDGE HICKS

USA                                     MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

Betty Clark, represented by attorney Murphy White, filed this civil action against the United States pursuant to the Federal Tort Claims Act.  Ms. Clark alleged in her complaint that she was retrieving her mail at a post office in Gibsland when she slipped and fell in a liquid, which caused pain and required medical care.  The case was scheduled for bench trial, and the parties filed a pre-trial order.  Attorney White moved to continue the trial because of illness that had prevented his preparation for trial.  Attorney White later filed a motion to withdraw as counsel on the grounds that Ms. Clark "now desires other counsel."  The undersigned directed that the motion would be considered at an upcoming status conference unless new counsel had filed a motion to substitute prior to the conference.  If new counsel were not enrolled by the time of the conference, Ms. Clark was directed to participate in the conference.

The status conference was held on May 21, 2007, and Ms. Clark appeared pro se. After discussion, the motion to withdraw filed by attorney White was granted.  The court advised Ms. Clark of the difficulties in representing herself and strongly encouraged her to retain new counsel.  Ms. Clark stated that she had contacted an attorney but had not yet

retained him.  The court granted Ms. Clark more than two months to either (1) enroll new counsel or (2) file with the court a notice that she intends to represent herself.  The order warned: "Failure to enroll new counsel or file the notice prior to July 23, 2007 will result in Ms. Clark's case being dismissed for failure to prosecute." Doc. 19.

The July 23, 2007 deadline has passed, and there has been no action of record by Ms. Clark or an attorney acting on her behalf.  The court provided ample time for Ms. Clark to secure new counsel or indicate her desire to proceed without counsel.  Ms. Clark has not taken even the simple step of alerting the court that she desires to proceed on her own.  It is highly unlikely that a plaintiff who is unwilling to take such a simple step is interested enough in her case to comply with the other more serious requirements of litigation. Proceeding further with this action would be a waste of time and resources for both the court and the United States.  Dismissal without prejudice for failure to prosecute is the best exercise of the court's discretion in these circumstances.

Accordingly,

**IT IS RECOMMENDED** that this civil action be **dismissed without prejudice** for failure to prosecute.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an

extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 6th day of August, 2007.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE